IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RANDY DENSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | |
| | : | NO. 7:13-CV-109 (HL) |
| Warden HATCHER, | : | |
| | : | |
| Respondent. | : | **O R D E R** |

Petitioner **RANDY DENSON**, an inmate at Rutledge State Prison ("RSP"), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. After Petitioner failed to respond to two Court Orders that he pay the Court's $5.00 filing fee (Docs. 7 & 8), the Court dismissed this action without prejudice (Doc. 9). Petitioner has now paid the Court's filing fee (Doc. 11). The Court therefore **VACATES** its dismissal Order and the associated judgment, and **REOPENS** this action.

Accordingly, **IT IS HEREBY ORDERED** that within thirty (30) days of the date of this Order, the Petitioner shall amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which the Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, the Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petition.

**IT IS FURTHER ORDERED** that the Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or

within fifteen (15) days after the answer is filed, the Respondent shall move for the petition to be dismissed or shall explain in writing to the Court why the petition cannot be adjudicated by a motion to dismiss.  **Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.**

No discovery shall be commenced by either party without the express permission of the court.  Unless and until the Petitioner demonstrates to this court that the state habeas court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

The Clerk of Court shall serve, by U.S. Mail, a copy of this Order, the Petition, and any amendments thereto on the Respondent and on the Attorney General for the State of Georgia. The Clerk of the Court is further directed to serve a copy of this Order upon Petitioner.   Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 21st day of October, 2013.


*s/ Hugh Lawson*
HUGH LAWSON
UNITED STATES DISTRICT JUDGE

cr