IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RANDY DENSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | **7:13-CV-109 (HL)** |
| | : | |
| WARDEN HATCHER, | : | |
| | : | |
| Respondent. | : | |

**ORDER AND RECOMMENDATION**

Presently pending in this § 2254 action is Respondent's Motion to Dismiss this federal habeas Petition as untimely filed. (Doc. 18). Respondent contends that Petitioner filed this federal habeas Petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). The Petition was effectively filed on August 6, 2013. (Doc. 1).

On June 5, 2001, Petitioner was found guilty of two counts of terroristic threats and three counts of arson. (Doc. 21-4, p. 70). Petitioner was sentenced to two years imprisonment for each count of terroristic threats to run concurrently, seven years imprisonment and three years probation on one count of arson, and ten years probation for the two remaining arson counts to run consecutively with each other and with the first arson sentence. (*Id.* at pp. 76-82; Doc. 18-1). Petitioner's convictions and sentences were affirmed on appeal on January 29, 2003. *Denson v. State*, 259 Ga. App. 342, 577 S.E.2d 29 (2003).

Petitioner executed his state habeas petition, effectively filing it, in the Superior Court of Habersham County on March 4, 2003. (Doc. 21-1). After an evidentiary hearing was held, the petition was denied on April 14, 2004. (Doc. 21-2). There is no evidence that Petitioner filed an application for a certificate of probable cause to appeal the denial.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28

U.S.C. § 2241 *et seq.*, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review". The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d)(2).

Petitioner filed this habeas Petition challenging his June 2001 convictions and sentences. Petitioner's convictions were affirmed on direct appeal on January 29, 2003, and there is no evidence that Petitioner moved for reconsideration or filed a notice of intent to apply for certiorari. As such, Petitioner's convictions became final on February 10, 2003[1], the date on which the 10-day period for filing a motion for reconsideration or notice of intention to petition for writ of certiorari expired.[2] Petitioner executed his state habeas petition March 4, 2003 (Doc. 21-1), which was 22 days after his state convictions and sentences became final. The tolling provision of § 2244(d)(2) was therefore initiated on March 4, 2003.

Petitioner's state habeas petition was denied on April 14, 2004, (Doc. 21-2), and the petition became final on May 14, 2004, the date on which the 30-day period for filing an application for a certificate of probable cause to appeal expired. *See* O.C.G.A. § 9-14-52(b). As of May 14, 2004, Petitioner's state habeas petition was no longer pending, and the AEDPA clock began to run again. *See Wade v. Battle*, 379 F.3d 1254, 1262 (11th Cir. 2004).

The AEDPA clock ran for 22 days prior to Petitioner filing his state habeas petition, and thus Petitioner had 343 days from May 14, 2004 (for a total of 1 year) to file this federal habeas Petition. Petitioner did not file this federal habeas Petition until August 6, 2013 (Doc. 1, p. 15),

---

[1] The ten (10) day time period expired on Saturday, February 8, 2003, giving Petitioner until February 10, 2003 to file his motion for reconsideration or notice of intention to petition for writ of certiorari.

[2] Pursuant to Georgia Court of Appeals Rules 37 and 38, motions for reconsideration and notices of intention to petition for writ of certiorari must be filed within 10 days from the date of judgment.

2

more than nine years after the AEDPA clock began to run again, which was well after Petitioner's federal habeas period of limitations ran.

In his Response to Respondent's Motion to Dismiss, Petitioner asserts he was involuntarily placed on mental health medication that left him unable to write, talk, walk, think, or memorize or read legal material. (Docs. 22, 29, 31). A petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 2562 (2010) (internal citations omitted); *Hutchinson v. Florida*, 677 F.3d 1097 (11th Cir. 2012).

Petitioner asserts that he was on mental health medication from 2003-2007 and from 2010 until December of 2013. (Doc. 22). During the time periods Petitioner was on mental health medication, Petitioner was able to file his state habeas petition and this federal habeas Petition. Further, Petitioner provides no explanation as to why he did not file his federal Petition during the time period he was not medicated, from 2007 until 2010. As Petitioner was able to file pleadings while he was medicated, and failed to file this Petition during the period of time he was not medicated, Petitioner's mental health treatment could not have been the cause of his failure to timely file his federal habeas Petition.

As Petitioner did not file this federal habeas Petition until more than one year after his convictions became final and has not shown that he is entitled to equitable tolling, his federal habeas Petition is untimely. Accordingly, it is the recommendation of the undersigned that Respondent's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to the recommendations contained herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is

recommended that the Court deny a certificate of appealability in its final Order.   If the Petitioner files an objection to this Recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

Petitioner has also included requests for an evidentiary hearing in several of his filings. (*See* Docs. 28, 29, 31).   As the undersigned has recommended Petitioner's Petition be dismissed as untimely, his requests for an evidentiary hearing are **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 13th day of May, 2014.

                                            s/ ***THOMAS Q. LANGSTAFF***
                                            **UNITED STATES MAGISTRATE JUDGE**

llf